**DeNITTIS OSEFCHEN PRINCE P.C.**
Stephen P. DeNittis, Esq. (SD-0016)
525 Route 73 North, Suite 410
Marlton, NJ 08083
(856) 797-9951
sdenittis@denittislaw.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
(*Pro Hac Vice Pending*)
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
(305) 479-2299
efilings@shamisgentile.com

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*Pro Hac Vice Pending*)
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
(954) 400-4713
mhiraldo@hiraldolaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANK EISENBAND, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SQM GROUP, INC., a foreign corporation, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, Frank Eisenband, brings this class action against Defendant, SQM Group, Inc., and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This putative class action under the Telephone Consumer Protection Act, 47 U.S.C.

1

§ 227 et seq., ("TCPA"), stems from Defendant's practice of harassing consumers nationwide with automated and prerecorded calls.

2. Defendant operates a highly profitable and successful customer survey call center, and places thousands of calls annually to consumers nationwide.

3. Although it is fully aware of the restrictions imposed by the TCPA, Defendant regularly violates the TCPA by placing automated and prerecorded calls to consumers without first obtaining their express consent, and with little regard for their privacy.

4. Through this putative class action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals nationwide. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in this Court as it regularly conduct business throughout the State of New Jersey.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a citizen of New Jersey.

8. Defendant is an Idaho corporation whose principal office is located at 7400 Mineral Drive, Suite 600, Coeur d'Alene, ID, 83815.

9. Defendant directs, markets, and provides its business activities throughout the United Stated, including New Jersey.

## THE TELEPHONE CONSUMER PROTECTION ACT

10. The TCPA regulates and restricts the use of automatic telephone equipment.

11. The TCPA protects consumers from unwanted calls that are made with autodialers and/or prerecorded messages.

12. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

13. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

14. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

15. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014

(2003).

16. A defendant placing automated or prerecorded calls must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

17. "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp., LLC*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. Jan. 30, 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), as revised (May 24, 2016)) (emphasis in original).

## FACTS

18. On May 24, 2017, Defendant placed an automated call to Plaintiff's cellular telephone ending in 4149 (the "4149 Number") from the following telephone number: 732-719-6719.

19. Upon answering the call, Plaintiff heard a brief pause followed by a prerecorded message. The prerecorded message stated that the call was part of a customer survey.

20. Plaintiff received the call while at work. He was disrupted and annoyed by the call, and had to stop what he was doing to answer his phone.

21. Plaintiff has never had any type of relationship with Defendant.

22. Plaintiff has never provided his telephone number to Defendant.

23. At no point in time did Plaintiff provide Defendant with his express to be contacted using an ATDS or a prerecorded message.

24. Plaintiff is the subscriber and sole user of the 4149 Number, and is financially

responsible for phone service to the 4149 Number.

25. The telephone number from which the unsolicited call was placed to Plaintiff – 732-719-6719 – is owned and operated by Defendant. Upon calling this number, a prerecorded message announces Defendant's name and states that Defendant called as part of a customer survey.

26. Other recipients of Defendant's unsolicited calls, aggravated by the nuisance, disruption, and invasion of their privacy, have voiced their complaints in various on-line forums. The following is a small sample of the complaints posted by consumers:

- Had to block this on my phone to get them to stop calling. It's an automated system from "SQM" about a recent telephone experience.

- They are relentless about calling. It is a survey service but they aren't forth coming about why they are calling and they are none stop. I have asked them to put me on there do not call but they haven't/won't. When I called back the message said SQM group and leave your number to be put on THEIR do not call list. They sound like a scam company and I'm not giving them my number they called me!

- We blocked a number and then started getting calls from this number.

- Please stop calling

- GO TO HELL

- GO TO HELLLLLLLLLLLLLLLLLLLL

- It's SQM. A satisfaction company doing a survey. Mine was from horizon BCBS[1]

- Called this number back - got a recording saying it was a customer satisfaction survey company

- Received call on my cell, did not pick up .Very annoying. I get these calls on my cell about 1 x a month. according to prior posts it a telemarketer... There should be a law preventing them from cold calling people. I have called the so called 800 # to get your # of the

---

[1] http://whocallsme.com/Phone-Number.aspx/7327196719/2; (last accessed on June 12, 2017).

- telemarketers list, but I keep getting them. So it is useless.

- It's from Horizon BCBS Insurance. It's the automated customer satisfaction survey call back. If you don't do the survey at the end of your phone call, they'll often automatically call you back with this number.

- Thanks for the information! Explains a lot! If I didn't want to answer the survey there was a reason!

- satisfaction survey? If I don't use Horizon why would I do that, I dropped them years ago bc they charged me for a premium for coverage that I could get for FREE FROM THEM.

- Got several phone calls from this number. First time I called back it was busy. The second time I got a language selection and then they hung up. The last three times it was busy. Left no voicemail. So annoying!!

- Called again @ 8:20 PM tonight - number now blocked. I wish it was a live person so they could hear the click!

- SQM for BCBS survey won't quit! Called my cell @ supper time 5:15PM, left no message. Number now blocked on my cell phone!

- This number calls every two hours and the caller ID comes up as "Lakewood NJ". I didn't answer the first call, however I did immediately look up the phone number only to find others with the same issue. I called BCBS yesterday as well! The number called another two times, and it was on the third time that I blocked the number.[2]

27.  The fact that other individuals have received the same prerecorded messages as Plaintiff demonstrates that Defendant has used prerecorded messages to harass thousands of individuals.

28.  Further, the impersonal and generic nature of Defendant's calls and prerecorded messages demonstrates that Defendant utilized an ATDS in making the calls.

29.  Upon information and belief, Defendant utilized a combination of hardware and software systems to make the calls at issue in this case. The systems utilized by Defendant have the

---

[2] http://800notes.com/Phone.aspx/1-732-719-6719/2; (last accessed on June 12, 2017).

current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

30. Through its unsolicited calls, Defendant violated Plaintiff's substantive rights under the TCPA.

31. Further, Plaintiff suffered the following injuries:

   a. Invasion of his privacy;

   b. Inconvenience;

   c. Unwanted occupation of his time and mental energy;

   d. Unwanted occupation of his cellular telephone;

   e. Nuisance;

   f. Trespass on his cellular telephone; and

   g. Aggravation and annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

33. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a telephone call or text message made through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, who had not expressly consented to receiving such calls.**

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

35. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

37. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;
>
> (2) Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;
>
> (3) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;
>
> (4) Whether Defendant's conduct was knowing and willful;
>
> (5) Whether Defendant is liable for damages, and the amount of such damages; and

(6) Whether Defendant should be enjoined from such conduct in the future.

38. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely violates the TCPA is correct, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

43. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

45. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make marketing telephone calls to the cellular telephones of Plaintiff and Class Members.

46. Defendant – or third parties directed by Defendant – made prerecorded or artificial voice calls to the cellular telephones of Plaintiff and Class Members.

47. These calls were made without regard to whether Defendant had first obtained express consent to make such calls. In fact, Defendants did not have prior express consent to call the cell phones of Plaintiff and Class Members when the subject calls were made.

48. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to make marketing telephone calls to the cell phones of Plaintiff and Class Members without their prior express consent.

49. As a result of Defendant's conduct, and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum

of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff, Frank Eisenband, on behalf of himself and the other members of the Class, pray for the following relief:

   a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

   b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

   c. An award of actual and statutory damages; and

   d. Such further and other relief the Court deems reasonable and just.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Class)**

50. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

51. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

52. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system, and/or that it was using an artificial or prerecorded voice in violation of the TCPA.

53. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed/prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class

pursuant to § 227(b)(3) of the TCPA.

54. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Frank Eisenband, on behalf of himself and the other members of the Class, pray for the following relief:

   a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

   b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

   c. An award of actual and statutory damages; and

   d. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of advertisements as alleged herein.

Date: June 23, 2017

    Respectfully submitted,

    **DeNITTIS OSEFCHEN PRINCE P.C.**

    */s/ Stephen P. DeNittis*
    Stephen P. DeNittis, Esq. (SD-0016)

525 Route 73 North, Suite 410
Marlton, NJ 08083
(856) 797-9951
sdenittis@denittislaw.com

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*Pro Hac Vice Pending*)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
(954) 400-4713
mhiraldo@hiraldolaw.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
(*Pro Hac Vice Pending*)
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
(305) 479-2299
efilings@shamisgentile.com